IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN OROSS,<br>           Plaintiff,<br><br>    v.<br><br>KUTZTOWN UNIVERSITY, et al.,<br><br>           Defendants. | CIVIL ACTION<br>No. 21-5032 |

## ORDER

**AND NOW**, this 1st day of August, 2022, it is hereby **ORDERED** that the Court, after conducting a careful *in camera* review of the materials described below for which Defendants assert the attorney-client privilege, finds that the materials fall within the scope of the attorney-client privilege and therefore do not have to be turned over to Plaintiff's counsel.[1] Defendants' Objection is **SUSTAINED**.

---

[1] Plaintiff, a tenured professor of Psychology at Defendant Kutztown University, brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. and the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq*., claiming the Defendants refused to provide him with what he contends was a reasonable accommodation of teaching his fall classes in 2021 virtually instead of in person. Plaintiff claims the accommodation was necessary because he had received a heart transplant in February 2021 and was immune-compromised and therefore highly susceptible to contracting COVID-19. Defendant Kutztown University is one of 14 Universities in the Pennsylvania State System of Higher Education ("PASSHE"). PASSHE's Office of Legal Counsel provides legal representation to all 14 Universities. Periodically, the Office of Legal Counsel provides system-wide training seminars to PASSHE's HR staff.  Plaintiff seeks certain training documents from two such training seminars. These documents are: (1) "The ADA and Flexible Work Arrangements During the COVID-19 Pandemic," dated July 2, 2020; and (2)"The ADA-Reasonable Accommodations and COVD-19," dated June 24, 2021. According to defense counsel, these documents were created by PASSHE's Office of Legal Counsel in response to questions from certain PASSHE HR Directors who were seeking legal guidance on the responsibilities of the 14 Universities in handling accommodation requests under the ADA with respect to COVID-19. According to defense counsel, the training sessions were attended only by human resource personnel at the PASSHE Universities and were not shared with any third parties at any time. As a result, Defendants object to turning over the two documents to Plaintiff,

BY THE COURT:

/s/ Jeffrey L. Schmehl,
JEFFREY L. SCHMEHL, J.

---

claiming that the documents are protected by the attorney-client privilege. At the request of the Court, the Defendants have provided the two documents for the Court's *in camera* review.

The attorney-client privilege "applies to any communication that satisfies the following elements: it must be '(1) a communication (2) made between [the client and the attorney or his agents] (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.'" *In re Teleglobe Communications Corp.,* 493 F.3d 345, 359 (3d Cir.2007) (quoting the Restatement (Third) of the Law Governing Lawyers § 68 (2000)); *accord In re Application of Chevron Corp.,* 650 F.3d 276, 289 (3d Cir.2011).The privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States,* 425 U.S. 391, 403, (1976). It "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Id.* "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. U.S.,* 449 U.S. 383, 390, (1981). However, it "only protects the disclosure of communications; it does not protect disclosure of the underlying facts." *Id.* at 385.

Communications made both by a client and an attorney are privileged if the communications are "for the purpose of securing legal advice." *See In re Ford Motor Co.,* 110 F.3d 954, 965 n. 9 (3d Cir.1997); *United States v. Amerada Hess Corp.,* 619 F.2d 980, 986 (3d Cir.1980). Communications from an attorney are privileged for two reasons: first, to prevent "the use of an attorney's advice to support inferences as to content of confidential communications by the client"; and second, because "legal advice given to the client should remain confidential." *Amerada Hess Corp.,* 619 F.2d at 986.

Nevertheless, the privilege obstructs the truth-finding process and should be "applied only where necessary to achieve its purpose." *Wachtel,* v. *Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007); *see Westinghouse Elec. Corp. v. Republic of Phil.,* 951 F.2d 1414, 1423 (3d Cir.1991) (construing the privilege narrowly). Because the privilege promotes the "dissemination of sound legal advice," it applies only where the advice is legal in nature, and not where the lawyer provides non-legal business advice. *Wachtel,* 482 F.3d at 231. In addition, the privilege applies only to communications made in confidence, because "a client who speaks openly or in the presence of a third party needs no promise of confidentiality to induce a disclosure." *Id.*

"[T]raining materials prepared by in-house counsel to advise employees on the law applicable to their jobs are entitled to protection because they provide legal advice." *McKnight v. Honeywell Safety Products USA, Inc.*, 2019 WL 452741 at *2 (D.R.I. Feb.5, 2019);  *see also, Valassis Comm'ns, Inc., v. News Corp.*, 2018 WL 4489285, at *3 (S.D.N.Y. Sept. 19, 2018); *In re Currency Conversion Antitrust Litig.*, 2010 WL 4365548, at *6 (S.D.N.Y. Nov. 3, 2010). *Santer v. Teachers Ins. & Annuity Ass'n,* 2008 WL 821060 at *1 (E.D. Pa. Mar. 25, 2008).

The Court has reviewed the two training documents and finds that they offer purely legal advice on the interplay between COVID-19 and the ADA and not any business advice. The July 2, 2020 document states that it is the product of two University legal counsel, the Assistant Vice-Chancellor for Labor Relations, the Director of System Employee Benefits and a PASSHE Legal Fellow. The June 24, 2021 document states that is the product of two University Legal Counsel.  Although the training documents were not specifically prepared in response to this lawsuit, it is obvious that they were prepared by PASSHE's in-house counsel for the purpose of giving legal advice to the HR Directors in the PASSHE network, including the HR Director at Kutztown University, as to the responsibilities and rights of the Universities in handling accommodation requests under the ADA, specifically with respect to issues raised by the COVID-19 pandemic. It was these HR Directors alone who were uniquely in position to act on that advice. There is no evidence that the documents were disseminated to anyone else within the PASSHE hierarchy. In short, the Court finds that the documents are communications from attorney to client that plainly contain confidential legal advice and legal assistance upon which PASSHE's HR Directors could choose to rely in dealing with issues concerning COVID-19 and the ADA. *In re Teleglobe Communications Corp*., 493 F.3d at 359.