**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN OROSS, III.,** | : | |
| **Plaintiff,** | : | |
| | : | **No. 2:21-CV-05032** |
| **v.** | : | |
| | : | |
| **KUTZTOWN UNIVERSITY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE**

Defendants Kutztown University, Kenneth Hawkinson, and Jesus Peña (collectively,

"Defendants"), by counsel, respectfully submit this brief in opposition to Plaintiff's Motion to

Strike Defendants' Motion for Summary Judgment (ECF No. 58).

## I.     INTRODUCTION AND PROCEDURAL BACKGROUND

After a number of extensions, on July 25, 2022, the Court ordered that all motions for

summary judgment be filed by October 14, 2022. Plaintiff filed a Motion for Summary Judgment

on October 14, but because the brief in support exceeded the Court's limit of 30 pages, and to

"provide . . .  concision" and "correct some citation errors," Plaintiff moved to amend the brief,

and ultimately filed an Amended Motion for Summary Judgment on October 18, 2022.

Defendants filed their Motion for Summary Judgment in the early hours of October 15,

2022, a mere 6 hours past the deadline. Thereafter, Defendants also moved to amend their brief

in support of the Motion, because it contained some incorrect information due to a clerical error

on the part of previous counsel for Defendants, Kathy Le, who was dealing with a family

emergency at the time the motions were being filed. The original Motion was also missing a

Statement of Undisputed Facts, which Ms. Le attributed to an issue with the PDF file that was

uploaded to ECF. On these bases, Defendants sought and were granted permission to file an

Amended Motion for Summary Judgment, which was filed on October 21, 2022. Thereafter, Ms. Le left her position as Deputy Attorney General and new counsel was assigned to represent the Defendants.

Two weeks after Defendants' Amended Motion for Summary Judgment was filed and shortly after learning that Ms. Le had left her position for new employment, on November 3, 2022, counsel for Plaintiff filed a Motion to Strike Defendants' Motion for Summary Judgment, in its entirety. The Motion to Strike asserts a number of complaints about Defendants' alleged failure to comply with Judge Schmehl's Rules regarding the filing of a Statement of Undisputed Material Facts ("SUF") in every Rule 56 Motion. Specifically, counsel for Plaintiff asserts that they sent their proposed SUF to Ms. Le, who did not respond in a timely fashion, precluding any collaboration on Plaintiff's SUF, which was ultimately filed with Plaintiff's Motion for Summary Judgment.

Additionally, despite the fact that Ms. Le sought and was granted the Court's permission to amend Defendants' Motion for Summary Judgment to include a SUF, Plaintiff further argues that because the first Motion did not include a SUF, the Court should strike the Amended Motion because it now includes a SUF.

Finally, as grounds to strike the Defendants' Motion for Summary Judgment, in its entirety, Plaintiff points to the fact that the Motion was initially filed a mere seven hours past the deadline of October 14, 2022.[1]

Plaintiff's Motion to Strike should be denied in its entirety. Counsel for Plaintiff has fallen far short of showing what is necessary to justify the drastic remedy they seek, and all the

---

[1] Defendants' initial Motion for Summary Judgment was filed at 6:49 AM on October 15, 2022.

arguments counsel put forth in their Motion to Strike could have, and should have, instead been asserted in an appropriate response to Defendant's Motion for Summary Judgment.

## II.    STANDARD OF REVIEW

Rule 12(f) governs motions to strike, stating that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. Motions to strike are "generally disfavored," and should only be granted in narrow circumstances. *Am. Power, LLC v. Speedco., Inc.*, 2016 WL 6563671, at *1 (M.D. Pa. Nov. 4, 2016). *See, e.g.*, *Landau v. Lamas*, 2018 WL 3126396, at *3 (M.D. Pa. June 26, 2018) (noting that courts should take a "sparing approach . . . with respect to motions to strike."); *Davies v. Certain Underwriters at Lloyds of London*, No. ST-2015-CV-0000637, 2017 WL 3759810, at *3 (V.I. Super. Ct. Aug. 25, 2017) ("[b]ecause of the drastic nature of the remedy ... motions to strike are viewed with disfavor and will generally be denied unless the [claims or defenses] have no possible relation to the controversy and may cause prejudice to one of the parties." )(quoting *Benjamin v. Esso Standard Oil Co.*, 2009 WL 1586597, *1 (D.V.I. June 4, 2009) (internal quotations omitted).

For this reason, pleadings that are considered subject to a motion to strike are "construed narrowly . . . it is generally held that a brief–as opposed to other forms of pleadings—typically will not be considered a 'pleading' which is properly the subject of a motion to strike." *Landau*, 2018 WL 3126396, at *3.

## III.   ARGUMENT

Here, Plaintiff has not met the exacting standards to justify striking Defendants' Motion for Summary Judgment. As an initial matter, the filing at issue is a Motion for Summary

Judgment, which is not typically considered a "pleading" that can be stricken subject to Rule 12(f). *See Landau*, 2018 WL 3126396, at *3.

Moreover, in the Motion to Strike, Plaintiff fails to cite any harm, much less prejudice, suffered as a result of the alleged issues with Defendants' Motion and accompanying SUF. Plaintiff is able to raise all the arguments set forth in the Motion to Strike, by filing a brief in opposition to summary judgment. The issues raised by Plaintiff should be litigated in the ordinary course of briefing the motions for summary judgment, not through the drastic remedy sought by the Motion to Strike. To the extent that these circumstances necessitate additional time for Plaintiff to provide his response, Plaintiff should seek additional time from the Court, a request the Defendants would generally not oppose.

In *Matson-Forester v. Allstate Ins. Co.*, No. 1:12-CV-01838, 2014 WL 580267, at *3 (M.D. Pa. Feb. 12, 2014), a case with a similar issue, the plaintiffs moved to strike the defendant's motion for summary judgment because it was missing a statement of facts. The Court declined to strike the motion on this basis, holding that, because the motion "contained fact paragraphs that were properly supported by citation to evidence . . . the Court can properly understand the form and substance of the statement of facts and further finds that it is suitable for direct and accurate consideration of the motion." *Id.*

Here, the SUF that was submitted with Defendants' Amended Motion for Summary Judgment contains clear citations to the record for all factual assertions made. To the extent Plaintiff disagrees with or disputes facts set forth in the SUF, Plaintiff is free to address these facts in Plaintiff's opposition to summary judgment. In fact, this Court's established procedures contemplate that parties will "address in their briefs . . . facts that could not be agreed upon because they are in dispute as to either correctness or materiality." Judge Jeffrey L. Schmehl,

Policies and Procedures, ¶ C(4). Counsel for Plaintiff has not shown how this established procedure is inadequate to address Plaintiff's purported dispute of facts asserted in Defendants' SUF.

Moreover, while Plaintiff's counsel point to various violations of Court procedure by Ms. Le, counsel also did not comply with the rules in their entirety, as Plaintiff's initial motion exceeded the Court's rules for page length of Rule 56 Motions, necessitating amendment. Moreover, while counsel points to the fact that Ms. Le did not respond timely to initial outreach regarding the SUF, it is apparent from the email printout that counsel did not reach out to Ms. Le again after the initial outreach, despite having heard nothing back for two weeks. In sum, to the extent there were communication issues that prevented full collaboration on the SUFs, it appears the communication issues were present on both sides. Regardless, now that new counsel has been assigned to represent the Defendants, Defendants would not object to an Order permitting parties to confer and re-submit one cohesive SUF that would govern the competing Motions for Summary Judgment. Alternatively, parties can address any purported disputes of fact in their respective response briefs.

Counsel for Plaintiff asserts that prior counsel for Defendants, Ms. Le, failed to provide an "excuse or apology" for the late filing of the original Motion for Summary Judgment, and argues that on this basis alone, Defendants' Motion should be stricken. However, counsel ignores that, in her Motion to Amend, Ms. Le stated that, during the time the motions for summary judgment were being filed, Ms. Le was "simultaneously dealing with a serious family medical issue." Defs' Motion to Amend. With the instant motion having been filed only after Ms. Le left employment with this office, Ms. Le clearly is not in a position to address Plaintiff's assertion of a lack of an "excuse or apology," nor is new counsel, who was not privy to the circumstances

surrounding this issue. However, it stands to reason that the family emergency Ms. Le was

dealing with also prevented her from filing the Motion for Summary Judgment on the exact

deadline. A mere six or seven hour delay in filing, caused by a family emergency on the part of

the filing attorney, should not result in the entire motion being stricken from the record. Such a

result would be highly unfair and prejudicial to the Defendants, and would not promote a fair and

equitable resolution of this case.

## IV.      CONCLUSION

      For all the foregoing reasons, Defendants respectfully request that this Court deny

Plaintiff's Motion to Strike.

                          **Respectfully submitted,**

                          **JOSH SHAPIRO**
                          **Attorney General**

              **By:**   */s/ Melissa Medina*
                          **MELISSA MEDINA**

**Office of Attorney General**           **Deputy Attorney General**
**1600 Arch Street, Suite 300**           **Attorney ID 327048**
**Philadelphia, PA 19103**
**Phone: (215) 560-2127**              */s/ Kevin Bradford*
**mmedina@attorneygeneral.gov**     **KEVIN BRADFORD**
                          **Senior Deputy Attorney General**
**Date: November 16, 2022**          **Attorney ID 88576**

                          *Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN OROSS, III.,** | : | |
| **Plaintiff,** | : | |
| | : | **No. 2:21-CV-05032** |
| **v.** | : | |
| | : | |
| **KUTZTOWN UNIVERSITY, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Melissa Zeigler, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that Defendant's Response in Opposition to Plaintiff's Motion Strike has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF"). The ECF System's electronic service of the Notice of Electronic Case Filing constitutes service on all parties who have consented to electronic service.

*/s/ Melissa Medina*
**MELISSA MEDINA**
Deputy Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

STEPHEN OROSS, III.,                          :
                                  Plaintiff,   :
                                                :   No.  2:21-CV-05032
                    v.                          :
                                                :
KUTZTOWN UNIVERSITY, et al.,                   :
                                                :
                                 Defendants.   :

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2022, upon consideration of

the Plaintiff's Motion to Strike, and the Defendants' Response in Opposition thereto, it is hereby

ORDERED that the Plaintiff's Motion to Strike is DENIED.


_____
**JEFFREY L. SCHMEHL**
**United States District Judge**