**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN OROSS, III, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 21-05032 |
| | : | |
| KUTZTOWN UNIVERSITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2023, upon consideration of

Plaintiff's Motion for Partial Reconsideration (Doc. No. 71) and Defendants' response in

opposition thereto, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

**BY THE COURT:**

_____
**JEFFREY L. SCHMEHL, J.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN OROSS, III,                          :
                                             :
                    Plaintiff,               :          CIVIL ACTION
                                             :
          v.                                 :          No. 21-05032
                                             :
KUTZTOWN UNIVERSITY, *et al.*,               :
                                             :
                    Defendants.              :

### DEFENDANTS' RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

Defendants Kutztown University, Dr. Kenneth S. Hawkinson, and Jesus Peña, through

their undersigned counsel, respectfully submit this Brief in opposition to Plaintiff's Motion for

"Partial" Reconsideration (Doc. No. 71) of the Court's Order on Summary Judgment.

## I.        PRELIMINARY STATEMENT

Wholly absent from Plaintiff's 28-page brief in support of "partial" reconsideration,

despite once again exceeding the Court's 25-page limit without leave of Court[1], is *any* discussion

of the applicable standards of review in the Third Circuit. Instead of applying the clear high

standards which have governed such motions since at least 1999, Plaintiff cites two non-

persuasive cases from the Middle District of Pa., claiming "good cause" is sufficient – *see* Pl.'s

Mot. (Doc. No. 71-1) at 1 – even though there is no good cause for the reconsideration requested.

To render his pending motion even less warranted, Plaintiff's brief is peppered with citations to

unpublished opinions from, among other jurisdictions, the Districts of Alabama and Arizona, and

falsely suggests that binding and directly-on-point authority from the U.S. Supreme Court and

---

[1] *See, e.g.*, Doc. No. 50, at 1.

the Third Circuit *don't really mean what they say*.  Instead of "Taking the 'W'" provided to Plaintiff by the Court's July 25, 2023 summary judgment ruling (Doc. Nos. 69 & 70)[2], Plaintiff has filed what essentially is a motion to reopen briefing on summary judgment; such a motion is wholly undeserved.

## II.   STANDARD OF REVIEW

There are three potential grounds for a motion for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [originally at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see* Fed. R. Civ. P. 59.  Such motions should be granted "sparingly." *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011); *see also PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743-44 (E.D. Pa. 2007) ("Because of the courts' interest in the finality of judgments, motions for reconsideration should be granted sparingly and <u>may not be used to rehash arguments which have already been briefed</u> by the parties and decided by the Court.") (emphasis added) (quotation marks and citation omitted); *Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 757 (E.D. Pa. 2007) ("an extraordinary remedy to be employed sparingly").

Importantly given the nature of Plaintiff's pending motion, a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court. *See Boretsky v. Governor of N.J.*, 433 Fed.Appx. 73, 78 (3d Cir. 2011). Nor should motions for reconsideration a disappointed litigant with a "second bite at the apple." *See PBI Perform.*

---

[2] In contrast, Defendants have not filed a motion for reconsideration of the Court's grant of summary judgment in favor of Plaintiff on Counts I-IV and part of Count VI of the Complaint, even though they respectfully disagree with those portions of the Court's memorandum opinion.

*Prods.*, 514 F.Supp.2d at 744 (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). In the present case, Plaintiff's memorandum of law actually constitutes his third "bite at the apple," in that he filed an amended brief (Doc. No. 55) concerning the same claims and defenses at issue in both Doc. Nos. 48-1 and 71-1.

III.   **ARGUMENT**

A.   **There was no error of law or fact, let alone a clear error, in the Court's partial grant of Summary Judgment for Defendants.**

In short, Plaintiff does not meet any of the Third Circuit's criteria for the Court to reconsider its July 25, 2023 decision. There have been no intervening changes in controlling law. There is no new evidence. And there was no clear error of law made in favor of the defendants, let alone a "need to correct" such an error or any "manifest injustice" which would result from the status quo. Although Plaintiff does argue that this Court committed errors of law, he primarily does so by quoting from – if not twisting – unpublished, non-precedential district court opinions from other Circuits, most of which he has already briefed (some of which on three occasions). Simply put, Plaintiff is incorrect and there are no grounds for reconsideration under the applicable standards. Nonetheless, Defendants will very briefly summarize the reasons for why Plaintiff's Motion cannot meet the *Max's Seafood Cafe* (or any other applicable) standard.

B.   **Binding authority from the Third Circuit Court of Appeals, not the District of Alabama, governs and supports dismissal of Plaintiff's Disparate Impact claim.**

Oddly, Plaintiff begins his brief by arguing that the Court committed a clear error of law in applying the "Title VII paradigm" to his disparate impact claim (Count V) under Section 504 of the Rehabilitation Act (the "Rehab Act"). In support of this theory and whether it can apply to existing professors at Kutztown University, Plaintiff cites to a footnote in *EEOC v. Doglencorp, LLC*, 2022 [WL 2959569] (D. Ala. July 26, 2022), a lawsuit concerning Dollar General's hiring practices at a warehouse in Bessemer, Alabama – a case of no relevance, let alone import. Yet,

3

for more than forty years, Third Circuit authority has supported this Court's exact approach to Count V. *See NAACP v. Med. Ctr., Inc.*, 657 F.2d 1322, 1335 (3d Cir. 1981) ("The Supreme Court has not given any indication that it requires a shifting of the burden of persuasion in effects cases.") (citing cases applying *McDonnell Douglas* framework to disparate impact claims). "Moreover, it is illogical to impose a heavier burden on a defendant in a case where a neutral policy results in disparate impact than in one where the charge is unlawful animus. Indeed, if there is to be a difference, quite the opposite result should follow." *Id.* Thus, Mr. Oross has a higher burden with respect to his disparate impact claim than he does with his disparate treatment claims.

Plaintiff complains of the lack of "notice and an opportunity to respond," *see* Pl.'s Brief at 3-4, but there can be no surprise as a result of Plaintiff's heavy burden. Even the Third Circuit's Model Jury Instructions support equating disparate impact claims under the ADA (and therefore the Rehab Act) with such claims under Title VII. *See* Comment to Instruction No. 9.1.6, available at https://www.ca3.uscourts.gov/sites/ca3/files/9_Chap_9_July_2023.pdf (updated June 2023) ("under Title VII, disparate impact claimants cannot recover damages, and therefore there is no right to jury trial for such claims . . . . [t]he same result is mandated for ADA disparate impact claims . . .") (citing *Pollard v. Wawa Food Market*, 366 F. Supp. 2d 247 (E.D. Pa. 2005); 42 U.S.C. § 12117). *See also Alexander v. Choate*, 469 U.S. 287, 299 (1985) ("question[ing] whether Congress intended § 504 to embrace all claims of disparate-impact discrimination").

Plaintiff further complains about this Court emphasizing Plaintiff's failure to produce statistical evidence in support of his claim that the University's in-person teaching requirement has a disparate impact on individuals with disabilities. *See* Mem. of Schmehl, J. (Doc. 69), at 48

4

(citing cases). This issue is something of a red herring, as Plaintiff has brought this lawsuit on his own behalf only, but nonetheless even one of the primary cases he cites – *Leskovisek v. Ill. Dep't of Transp.*, 506 F.Supp.3d 553 (C.D. Ill. 2020) – endorses the wishfully-disregarded requirement for statistical evidence. *See id*. at 568-69.

Moreover, the business necessity defense now demanded by Plaintiff simply has not been triggered, because the "screened out" theory of disparate impact claims (*see* Pl.'s Brief at 6) clearly was intended to apply to categories of plaintiffs screened out *from* a particular job due to, for example, quantitative selection standards. *See EEOC v. Kronos Inc.*, 694 F.3d 351, 364 (3d Cir. 2012), as amended (Nov. 15, 2012) ("It is thus a proper inquiry for the EEOC to seek information about how these tests work, including information about the types of characteristics they screen out and how those characteristics relate to the applicant's ability to fulfill his or her duties for the prospective position."). In the present case, there was no "applicant" – the plaintiff is still employed in the same job and did not seek a promotion. Mr. Oross has not been "screened out" from anything, nor has he established a *prima facie* case of disparate impact.

For all the above reasons, summary judgment on Count V of the Complaint was appropriately entered in favor of the Defendants.

### C.  Plaintiff's arguments concerning the Supreme Court's rulings defy logic.

Throughout the parties' briefing in this lawsuit and in *Gardner v. Kutztown Univ.*, C.A. No. 22-1034, defense counsel have endeavored to avoid the hyperbole and personal attacks frequently employed by the respective plaintiffs. *See, e.g.*, Pl.'s Brief (Doc. 71-1) at 22 (calling Defendants' argument "non-sensical"). Nonetheless, when a plaintiff files a motion for reconsideration based not on what the law is, but what their counsel believes it either should be or used to be, it transforms the pending motion from zealous advocacy to something between

wishful thinking and misleading the Court. Nowhere is this more apparent than in Sections 'B'

and 'C' of Plaintiff's Brief.

Although it has been under 18 months since *Cummings v. Premier Rehab Keller, PLLC*,

142 S.Ct. 1562 (2022), was decided, a simple Google search reveals hundreds if not thousands of

articles and cases noting the Supreme Court's holding that emotional damages are not available

under the Rehab Act. There is no exception for "intentional employment discrimination" claims.

*See* Pl.'s Brief at 16. No one is asking Plaintiff or his counsel to agree with the *Cummings*

decision, of course, but it could not be any clearer that the present Motion's attempt to narrow

the Supreme Court's holding is as hollow as it is directed at the wrong court via the wrong

means. Even the dissent – which, being a dissent, arguably should *never* be cited in support of

any motion for reconsideration although it is cited in Plaintiff's footnote 10 – states that that the

Court's decision will "impact[] victims of race, sex, disability, and age discrimination alike." *Id.*

at 1578 (Breyer, J., dissenting). As this Court (Schmehl, J.) recently explained,

> Although the ADA was not passed pursuant to Congress's powers under
> the Spending Clause and is therefore not linked to federal funding, the
> ADA itself states that the remedies in § 505(a)(2) of the RA "'shall be the
> remedies, procedures, and rights' for individuals alleging disability
> discrimination under § 202 of the ADA." 42 U.S.C. § 12133.

*A.T. v. Oley Valley Sch. Dist.*, C.A. No. 17-4983, 2023 WL 1453143, at *3 (E.D. Pa. Feb. 1,

2023) (holding that emotional distress damages are not available under Title II of the ADA); *see*

*also Doherty v. Bice*, C.A. No. 18-10898, 2023 WL 5103900, at *6 (S.D.N.Y. Aug. 9, 2023)

("all other federal courts that have apparently considered this issue have likewise found that

emotional distress damages are not available under the ADA because, as the *Cummings* Court

concluded, they are not available under the Rehabilitation Act."). In sum, there are no grounds

whatsoever supporting Plaintiff's present motion with respect to the *Cummings* decision.

Plaintiff's strained and redundant arguments concerning *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791 (3d Cir. 2009), *see* Pl.'s Brief at 8-15, may be disposed of just as easily. For wholly unknown reasons, Plaintiff argues that the *A.W.* was "abrogated" by the Supreme Court in *Fitzgerald v. Barstable Sch. Comm.*, 555 U.S. 246 (2009). As a matter of law, Plaintiff is wrong and *A.W.* remains good law. As a matter of fact, the Supreme Court's ruling in *Fitzgerald* had nothing to do with the causes of action in *A.W.*, which was **not mentioned once** in the *Fitzgerald* opinion.[3]  And the Supreme Court's 2023 decision in the *Taleveski* case cited by Plaintiff (at 8) mentions neither *A.W.* nor the Rehab Act.

Further, contrary to Plaintiff's assertion that *A.W.* was the "sole basis for dismissing Plaintiff's Section 1983 individual capacity claims" (Pl.'s Brief at 9), there is ample authority supporting the Court's dismissal of Counts VIII and XI. *See Costabile v. N.Y. City Health & Hosp. Corp.*, 951 F.3d 77, 83 (2d Cir. 2020) (agreeing with all Circuits to have addressed the issue, including the Third Circuit in *A.W.*, that § 1983 cannot be used to alter the categories of persons potentially liable in private actions under the Rehabilitation Act); *Fanciullo v. U.S. Postal Service*, C.A. No. 12-5467, 2013 WL 5467169, at *4 (D.N.J. Sep. 30, 2013) (dismissing § 1983 claims against individual defendant alleging in employment discrimination in violation of the Rehab Act).  *Costabile* was decided by the Second Circuit in 2020 – eleven years after *Fitzgerald*, which undermines Plaintiff's abrogation argument even more.

For all the foregoing reasons, Plaintiff has cited no authority whatsoever supporting his contorted arguments concerning the Supreme Court's decisions in *Cummings* or in any post-*A.W.* case, which remains the law of this Circuit. Sections 'B' and 'C' of Plaintiff's Brief constitute a waste of judicial resources and should be disregarded in their entirety.

---

[3] It is unknown which Internet research service Plaintiff's counsel is using to support their belief that *A.W.* has been "abrogated."

**D. Plaintiff's remaining arguments re-argue the facts, which have already been fully briefed and considered.**

In Section 'E' (there is no Section 'D'), Plaintiff devotes six full pages to arguing the facts of this lawsuit purportedly related to his First Amendment retaliation claims. This is inappropriate because, among other reasons to uphold the dismissal of Counts IX and XII, there is not a single material fact which was not available to the movant before the Court's July 25, 2023 decision. *See Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021) ("motions for reconsideration are not a vehicle to argue facts or issues that were not raised") (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) for the proposition that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"). There is nothing about Plaintiff's rehashing of his arguments on First Amendment retaliation which could justify reconsideration under the *Max's Seafood Café* standard.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Partial Reconsideration.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

Date: September 12, 2023

OFFICE OF ATTORNEY GENERAL
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2136
Fax:    (717) 772-4526
mskolnik@attorneygeneral.gov
kbradford@attorneygeneral.gov

By:   */s/ Matthew Skolnik*
Matthew Skolnik
Senior Deputy Attorney General
(Attorney ID No. 89423)
Kevin Bradford
Senior Deputy Attorney General
Karen M. Romano
Chief Deputy Attorney General
Civil Litigation Section
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Matthew Skolnik, hereby certify that the foregoing Defendants' Response in opposition to Plaintiff's Motion for Partial Reconsideration been filed electronically on this date and is available for viewing and downloading from the Court's Electronic Case Filing system by all counsel of record.

Date: September 12, 2023

By:   */s/ Matthew Skolnik*

Matthew Skolnik
Senior Deputy Attorney General