IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN OROSS,<br>          **Plaintiff,**<br><br>v.<br><br>KUTZTOWN UNIVERSITY, et al.,<br><br>          **Defendants.** | CIVIL ACTION<br>No. 21-5032 |

### FINAL JUDGMENT

**AND NOW**, this 21st day of January, 2025, it is hereby **ORDERED** that the Plaintiff's Amended Motion for a Final Order [Doc. 97] is **GRANTED** in part and **DENIED** in part as follows:

Plaintiff is awarded the following economic relief as agreed to by the parties:

1. Back Pay in the amount of **$41,296.56.**

2. Retroactive Employer Contributions to Plaintiff's Retirement Fund in the amount of **$3,615.21**.

3. Payment for Lost Value to Retirement Account in the amount of **$1,508.42** which is calculated through July 8, 2024, plus additional payment using the same calculation up to the date of this Order.

4. Restoration of 27.5 days of Sick Leave.

5. Restoration of 3 days of Paid Time Off Leave.

6. Restoration of any seniority and/or years of service Plaintiff lost during the 2021 Fall Semester when he was placed on Leave Without Pay Status.

As agreed to by the parties, the statutory interest on the back pay award of $41,296,56 shall be calculated as follows:

From September-December, 2021: 6% pursuant to 41 P.S. §202.

From January, 2022 through the date of back pay award: Based on the most recent interest rate for 52-week Treasury Bills compounded quarterly. 28 U.S.C. §1961(a).

In addition, in view of the fact that Plaintiff is still teaching at Kutztown University and many of the named Defendants and other individuals involved in the actions which gave rise to this suit are still employed in their same positions by Kutztown University, and in view of the fact that Defendants continue to insist, even after the Court issued its ruling on the parties' motions for summary judgment [Docs. 69 and 70], that none of their actions in this case violated Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and subsequently even requested the Court's immediate recusal, the Court finds that Plaintiff has demonstrated that there is a real and immediate threat that Defendants will deny any future request by Plaintiff for remote teaching accommodations. Accordingly, Plaintiff is awarded the following declaratory and injunctive relief as prayed for in his Complaint:

1. The Court declares that Defendants' refusal to provide Plaintiff with a reasonable work accommodation pursuant to its policies and practices precluding remote work accommodation as a matter of general policy without considering Plaintiff's individual circumstances, constituted discrimination against him because of his disabilities under Section 504 of the Rehabilitation Act, 29 U.S.C. §794.

2

2. The Court further declares that Defendants' actions against Plaintiff constituted intentional discrimination and/or interference with his rights in violation of Section 504 and denied him equal terms and conditions of employment because of his disability.

3. Defendants shall rescind its no-remote work accommodations rule, policy and/or practice pursuant to which it has denied remote accommodations to faculty as a matter of institutional policy that **any** request to change the course modality from in-person to remote would be considered a substantial alteration to the course offerings and would represent an undue hardship to the University. Instead, Defendants must adhere to the requirements of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act and EEOC Regulations that any decision to grant or deny remote accommodations must be based on individualized circumstances unless Defendants can produce individualized evidence that such accommodation would constitute an undue hardship to the University as defined by those statutory terms.

4. Defendants shall provide Plaintiff with a modified classroom to mitigate his enhanced risk of infection resulting from his disabilities in relation to faculty without such disabilities, unless or until he requests otherwise, and without any further obligation on his part to submit a request for such accommodation to Human Relations.

5. Every six months, Plaintiff shall provide Defendants with an updated medical report and recommendation from his medical provider concerning his ongoing need for this accommodation.

6. Defendants shall provide Plaintiff, at his request, with remote access to College, Departmental, and/or Faculty Meetings and other congregate events.

7. In the event Plaintiff's medical provider believes that is unsafe for Plaintiff to teach on campus due to his disability, and upon provision of medical documentation to that effect, Defendants shall provide Plaintiff with a remote and/or hybrid work accommodation in accordance with the recommendation of his medical provider until he/she deems it medically safe for him to return to a congregate, on-campus teaching environment.

Plaintiff's Motion for Final Order [Doc. 96] is **DENIED** as moot as this Order shall serve as the Final Order.

The Clerk shall mark this case as **TERMINATED** for statistical purposes.

The Court will retain jurisdiction over this matter for a period of 24 months, at the expiration of which the Court will The Court will retain jurisdiction over this matter for a period of 24 months, at the expiration of which the Court will consider whether to retain jurisdiction for an additional period of time.

**BY THE COURT**:

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

4