IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2689 |
| | : | |
| DETECTIVE FRANK JASTRZEMBSKI | : | |
| and DETECTIVE MANUEL SANTIAGO | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                 **June 4, 2025**

Plaintiff James Dennis seeks attorneys' fees and costs pursuant to 42 U.S.C. § 1988 following his success at trial against Defendants Detectives Frank Jastrzembski and Manuel Santiago. Jastrzembski and Santiago request the motion be held in abeyance pending the resolution of cross appeals to the Third Circuit Court of Appeals, arguing Dennis does not yet qualify as a "prevailing party." The City of Philadelphia—dismissed as a defendant at trial—also requests a stay of the motion pending appeal and further challenges the requested fees as unreasonable. Because Dennis is a prevailing party, the Court will award Dennis reasonable attorneys' fees and costs totaling $1,853,897.89.

**BACKGROUND**

Plaintiff James Dennis's request for attorneys' fees and costs arises out of a § 1983 action alleging police misconduct resulting in Dennis's wrongful conviction for murder in 1992. *See* Compl. The case proceeded to trial in April 2024 on due process and conspiracy claims against Detectives Frank Jastrzembski and Manuel Santiago and on a municipal liability claim against the City of Philadelphia. Seven days into trial, the Court granted the City's motion for judgment as a matter of law on the municipal liability claim and terminated it as a defendant in this case. ECF No. 266. The jury found Jastrzembski and Santiago liable for conspiracy to violate civil rights and

1

for violating Dennis's due process rights by concealing evidence, although not by fabricating it. *See* ECF No. 237. The jury awarded Dennis a total of $16 million in damages: $10 million in compensatory damages and $6 million in punitive damages. *Id.* Following trial, Jastrzembski and Santiago appealed the judgment against them, and Dennis appealed the dismissal of the municipal liability claim, both of which remain pending before the Third Circuit Court of Appeals. In light of his success at trial, Dennis has moved for $1,845,977.50 in attorneys' fees and $13,264.43 in costs pursuant to 42 U.S.C. § 1988. ECF No. 276. Jastrzembski, Santiago, and the City[1] argue Dennis's motion should be held in abeyance pending the resolution of cross appeals and challenge the reasonableness of the requested fees and costs. *See* ECF Nos. 310, 316.

**DISCUSSION**[2]

Section 1988 authorizes district courts to award reasonable attorneys' fees to a "prevailing party" in actions brought under § 1983. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). A plaintiff qualifies as a prevailing party if they have "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* at 433 (citation and quotation marks omitted). The relevant question is whether a party "essentially succeeded" on its basic claim even if it did not prevail in full. *Hughes v. Repko*, 578 F.2d 483, 487 (3d Cir. 1978);

---

[1] While the City was dismissed as a defendant in this case at trial, it sought leave to oppose this motion to preserve its objections because the appeal against it "could conceivably result in an attorneys' fees and costs award against the City for the same amount of attorney time and costs." ECF No. 316 at 3.

[2] As a preliminary matter, Jastrzembski and Santiago challenge Dennis's motion as "premature" because the case is currently on appeal. ECF No. 310 at 2. The City has also requested a stay of the motion until the appeals are resolved. ECF No. 316 at 3. While district courts are generally divested of jurisdiction while an appeal is pending, they retain jurisdiction to resolve motions for attorneys' fees. *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999); *see also Campbell v. Royal Bank Supplemental Exec. Ret. Plan*, 646 F.Supp.3d 629, 638-39 (E.D. Pa. 2022). Because the Court retains jurisdiction to resolve Dennis's motion while the case is on appeal, the Court will not stay the motion.

2

*see also Inmates of Allegheny County Jail v. Pierce*, 716 F.2d 177, 181 (3d Cir. 1983) (holding that a plaintiff can be a prevailing party even if they achieved only partial success on the merits).

When a party is found to be "prevailing," a court may award reasonable attorneys' fees. A calculation of attorneys' fees begins with the lodestar: "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. A reasonable hourly rate should be "calculated according to the prevailing market rates in the relevant community." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *see also Washington v. Phila. County Ct. Com. Pl.*, 89 F.3d 1031, 1035-36 (3d Cir. 1996) (a reasonable hourly rate will be comparable to those "charged by attorneys of equivalent skill and experience performing work of similar complexity in the community."). In Philadelphia, the Community Legal Services (CLS) fee schedule is viewed as "a fair reflection of the prevailing market rates." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir.2001). While a helpful starting point, courts may depart from the CLS fee schedule to account for factors beyond an attorney's years of experience, including to consider specialized skills, subject matter expertise, and the level of work performed. *See Damian J. v. Sch. Dist. of Phila.*, No. 06-3866, 2008 WL 1815302 at *2 (E.D. Pa. 2008) (describing the limits of the CLS fee schedule and collecting cases where courts have diverged from it). The party requesting attorneys' fees bears the burden of proving the reasonableness of its request. *Id*.

Dennis is a prevailing party under § 1988. While the municipal liability claim was dismissed against the City, the jury nevertheless found Jastrzembski and Santiago liable for both due process violations and conspiracy. The success resulted in a sizeable award. That the jury found the detectives liable for due process violations under a deliberate deception theory and not for fabrication of evidence does not alter Dennis's status as a prevailing party, considering the significant overlap between these theories and the shared "common core of facts or . . . related

3

legal theories." *See Hensley*, 461 U.S. at 435. Nor is the Court persuaded by the Detectives' argument that the pending appeal converted Dennis's final judgment into a "transient" one, thus precluding him from being designated a prevailing party.[3]

As a prevailing party, Dennis is entitled to reasonable attorneys' fees and costs. Dennis requests $1,845,977.50 in attorneys' fees, based on hourly rates of $1,150 for David Rudovsky, $1,000 for Paul Messing, and $725 for Jonathan Feinberg. ECF No. 267 at 1. Dennis also seeks $13,264.43 in costs. *Id.* The City argues the attorneys' fees should be reduced to the rates in the CLS fee schedule—$850 for Rudovsky, $850 for Messing, and $715 for Feinberg—and that the awarded costs should not account for investigation costs. ECF No. 316 at 1.

Turning first to attorneys' fees, the Court finds it appropriate to award fees to counsel at rates above the CLS fee schedule given the experience and skill of the prevailing attorneys, although by a slightly lower amount than requested: $1,150 for Rudovsky, $950 for Messing, and $715 for Feinberg. The Court finds the adjustments appropriate for several reasons. First, the adjustment corrects for the overbroad categorization found in the CLS schedule, which assigns the same hourly rates to all attorneys with more than 25 years of experience, whether they have 27 or 63 years of experience. The adjustment to both Rudovsky and Messing's rates better reflect their significant level of experience: 57 and 51 years, respectfully. Second, the adjusted rates also better account for the civil rights expertise of plaintiff's counsel. Rudovsky is an expert in § 1983 litigation, demonstrated by his success leading civil rights litigation at Kairys, Rudovsky, Messing, Feinberg & Lin LLP (KRMFL) and his national leadership regarding civil rights practice. Over several decades, KRMFL has focused its work on systemic constitutional violations in the criminal

---

[3] The City does not contest Dennis's status as a prevailing party, but instead argues that the lack of complete success should result in reduced fees, discussed *infra*. *See* ECF No. 316.

4

legal system, resulting in several multi-million-dollar settlements and precedent-setting cases at the Third Circuit Court of Appeals. *See* ECF No. 276 at 6-7. The present case is both a continuation of that success and notable, considering its massive $16 million verdict. Rudovsky himself is the co-author of a nationally recognized treatise on police misconduct, a longtime Senior Fellow at the University of Pennsylvania Carey Law School, and has held leadership positions at many leading criminal justice organizations. *Id.* at 8. Messing's civil rights expertise is also noteworthy, seen not only through his work at KRMFL, but also through his extensive teaching experience at numerous universities and his contributions to the Pennsylvania Bar Institute. *Id.* at 10-11.

The Court finds it appropriate to depart from the CLS schedule for Rudovsky and Messing. Additionally, the Court will award Feinberg a rate at the higher end of the CLS range for an attorney of his experience level given his expertise and national leadership on civil rights issues, but sees no reason to depart from that range entirely. The Court will therefore award attorneys' fees at the following rates: $1,150 for Rudovsky, $1,000 for Messing, and $715 for Feinberg. Based on these rates and the hours reasonably expended,[4] the applicable lodestar figure is $1,844.754.50.

Next, the Court turns to the requested costs. Dennis requests compensation in the amount of $13,264.43 for "collection, deposition costs, investigation, and other miscellaneous costs." ECF No. 276 at 1, 15. Of those costs, the City objects to two payments made to Confidential

---

[4] Counsel for Dennis seek compensation for the following hours: 91.4 hours for Rudovsky, 1,652.2 hours for Messing, and 122.3 hours for Feinberg. The City challenges these hours as excessive, drawing particular attention to the hours billed for drafting the complaint and the instant motion: 43.3 hours and 61.1 hours, respectively. Given the complexity of this case and the thoroughness of the work at issue, the Court does not find the billed hours to be excessive or unreasonable and will not reduce them. *See Washington*, 89 F.3d at 1038 (holding that district courts may reduce billed hours where they are excessive or unreasonable).

5

Investigative Services, Inc. for "Investigation"—one for $3,871.04 and another for $250.00—because courts do not generally permit the recovery of investigatory costs. ECF No. 316 at 9. The Court agrees with the City and will reduce the cost award accordingly to $9,143.39.

Although district courts may tax costs in favor of prevailing parties, they should exercise this discretion "sparingly" when taxing "items not mentioned in the statute." *Walker v. Robbins Hose Fire Co. No. 1*, 622 F.2d 692, 694 (3d Cir. 1980); *see also Phila. Mortg. Trust v. Touche Ross & Co.*, 930 F.2d 306, 307 (3d Cir. 1991). Section 1988 does not explicitly mention investigative expenses as a category of recoverable costs. 42 U.S.C. § 1988(b)-(c). Likewise, 28 U.S.C. § 1920, which permits federal judges to impose certain litigation expenses, also does not list investigative costs. Moreover, the few cases in this district that have considered the issue have refused to award investigative fees pursuant to § 1988. *See, e.g., Pelzer v. Phila.*, 771 F.Supp.2d 465, 474 (E.D. Pa. 2011) (eliminating investigation service expenses from bill of costs in absence of "extraordinary circumstances"); *Surgner v. Blair*, No. 95-5331, 1996 WL 284993 at *5 (E.D. Pa. May 20, 1996) (declining to impose expenses for investigative services absent any fee shifting authority). In exercising its discretion, the Court will reject Dennis's requests for compensation for investigation costs.

Lastly, the Court addresses the City's argument that a global reduction in the lodestar is appropriate to account for Dennis's partial success on his claims and because Dennis failed to excerpt certain hours which served to prosecute the dismissed *Monell* claim. In making its argument, the City relies heavily on *Pelzer v. Philadelphia*, where the Court implemented a forty percent fee reduction when the plaintiff failed on four of five claims including a municipal liability claim. 771 F.Supp.2d 465, 468 (E.D. Pa. 2011). Dennis challenges the City's argument on multiple points, noting the inapplicability of *Pelzer*, the intertwined nature of his individual and municipal

6

liability claims, and that the limited hours spent on the *Monell* claim reflect Messing's pre-existing expertise. The Court agrees with Dennis, and will not impose a global reduction.

First, the Court is not persuaded by the City's invocation of *Pelzer*. As previously discussed, Dennis achieved a high degree of success in this action: a finding of liability against both individual defendants on core claims of deliberate deception and conspiracy, $10 million in compensatory damages, and $6 million in punitive damages. This overarching success contrasts the more limited success in *Pelzer*, where the plaintiff succeeded on one of five claims, was awarded $138,000, and failed to collect punitive damages. *Id.* at 472 ("the jury's verdict demonstrates [Pelzer's] overall success was limited in comparison with the scope of the litigation as a whole.") (citation and quotation marks omitted).

Beyond Dennis's notable success in this action, the Court also finds that the interrelated nature of Dennis's claims—prevailing and not—make it such that a fee reduction would not be appropriate. A district court has discretion to award fees for time spent on the development of unsuccessful claims where all claims in an action "involve a common core of facts or are based on related legal theories." *McKenna v. Philadelphia*, 582 F.3d 447, 457 (3d Cir. 2009) (citation and quotation marks omitted). Here, the fabrication claim "concerned, at its core, the presentation of a false narrative about the crime," *see* ECF No. 319 at 3, the same focus of the other individual liability claims. The *Monell* claim was similarly intertwined with the claims for individual liability. And because counsel has already reduced its request to omit any time spent exclusively litigating the *Monell* claim, the Court finds no reason to further reduce the award.

### CONCLUSION

As a prevailing party in this action, the Court will award Dennis attorneys' fees for all hours reasonably expended on this action based on the following reasonable hourly rates: $1,150

7

for Rudovsky, $1,000 for Messing, and $715 for Feinberg. In sum, Dennis is entitled $1,844.754.50 in attorneys' fees. In addition, Dennis is entitled to $9,143.39 in costs, reduced to reflect the removal of investigation costs.

An appropriate order follows.

                                                     BY THE COURT:

                                                     /s/ Juan R. Sánchez
                                                     Juan R. Sánchez, J.